UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2008 AUG -6 / PM 1: 26
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**JOSE L. CARABALLO FIGUEROA,**<br>Defendant. | **INDICTMENT**<br><br>Criminal Num. 08-__283 (ADC)__<br><br>**CRIMINAL VIOLATIONS:**<br>29 U.S.C. § 501(c)(Embezzlement of union dues) and 18 U.S.C. § 2 (aiding and abetting).<br><br>(TWO COUNTS AND FORFEITURE ALLEGATION) |

**THE GRAND JURY CHARGES:**

**GENERAL ALLEGATIONS**

At times material to this Indictment:

1. The Syndicate of United Workers of the South, known as the "Sindicato de Obreros Unidos del Sur de Puerto Rico" (hereinafter "SOUS"), constituted on or about 1964, represented the union workers of the sugar cane industry in the southern region of Puerto Rico to include the municipalities of Ponce, Guayama, Juana Diaz and Salinas.

2. SOUS is a labor union engaged in an industry affecting commerce within the meaning of Title 29, U.S.C., § 402(i) and (j) of the Labor Management Reporting and Disclosure Act of 1959.

3. Pursuant to the SOUS Constitution and By-Laws of 1964, the SOUS Board was to be constituted by seven members: a President, a Vice-President, a Secretary-Treasurer, three Organization Secretaries, and one Sergeant of Arms.

4. From on or about 1978 and through the return of this Indictment, defendant **JOSE L. CARABALLO FIGUEROA** has been the President of SOUS. As President of SOUS he would represent the labor union, supervise the officers, assure the compliance of all labor regulations, and

officially represent the union in collective bargaining agreements. As President he had fiduciary responsibility with respect to the union funds. He was also an authorized signatory on the Union's bank accounts, jointly with the Treasurer, as well as all other financial documents requiring signature. His responsibilities also included conducting financial transactions for the benefit of the union and its members, jointly with the Treasurer, and informing the Board of Directors of such acts in compliance with the SOUS Constitution and By-Laws.

5. Until the return of this Indictment, SOUS held, among other accounts, the following bank accounts: 0132-1360401089 at Banco Bilbao Vizacaya Argentaria; 0102-1010000108 at Banco Bilbao Vizcaya Argentaria; 213201202 at Banco Popular de Puerto Rico; and 552-000033 at Banco Santander of PuertoRico. Defendant **JOSE L. CARABALLO FIGUEROA** was the authorized signatory for such accounts jointly with Treasurer Guillermo Santiago and Secretary Guillermo Clausell.

6. SOUS members worked in the sugar cane industry and were required to pay union dues from their salaries.

7. According to the SOUS Constitution and By-Laws, all union funds were to be deposited in the union bank accounts. All disbursement from the accounts were to be made by check signed jointly by the union President and the Treasurer. Any disbursements made had to be certified by payment receipts.

8. The SOUS main office, considered the National Headquarters, was located in the Playa Salinas Sector in Salinas, Puerto Rico. There were four other locals in Puerto Rico under the National Headquarters: Local 1, Local 5, Local 14, Local 27.

9. The Department of Labor (hereinafter "DOL") was a Department of the Executive

Branch of the United States Government with regulatory oversight responsibilities for labor unions in the United States, including Puerto Rico. DOL required labor organizations to submit information about the amount of union members, finances and expenditures on an annual basis to the Secretary of Labor in Washington, D.C.

10. As a labor organization in an industry affecting commerce, SOUS was subject to the regulatory supervision of DOL. As a regulated union, SOUS was required to file Labor Organization Annual Reports known as forms LM-2 and LM-3 to DOL.

11. The last report for the National Headquarters of SOUS was filed for the fiscal year ending in July 30, 2004 wherein it was reported that the union represented 250 members and that no union dues were collected for that year. The 2000 report stated that the union had 2,000 members and the 2001, 2002 and 2003 reports stated that the number of members decreased to 250.

12. Since on or about 2000, until the present time, no collective bargaining agreement exists between the SOUS and any industry.

13. The sugar cane industry in Puerto Rico has ceased operations.

## COUNT ONE
## EMBEZZLEMENT OF UNION FUNDS
(Title 29, United States Code, 501(c) and Title 18, United States Code, 2)

From in or about December, 2000 through in or about December, 2007, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JOSE L. CARABALLO FIGUEROA,**

the defendant herein, while being President of the Syndicate of United Workers of the South, known as the "Sindicato de Obreros Unidos del Sur de Puerto Rico" ("SOUS"), a labor organization engaged in an industry affecting commerce, aided and abetted by other persons known and unknown

3

to the Grand Jury, embezzled union funds in excess of four hundred thousand dollars ($400,000.00) from such labor organization, under the guise of receiving medical reimbursements, payment for services rendered, payment for meals and car expenses, and unlawfully and willfully converted and abstracted for his own use and the use of another, any of the moneys, funds, securities, property, and other assets of SOUS, a labor organization, as defined in Title 29, United States Code, § 402. All in violation of Title 29, United States Code, § 501(c) and Title 18, United States Code, § 2.

## COUNT TWO
## EMBEZZLEMENT OF UNION FUNDS
### (Title 29, United States Code, 501(c))

On or about April 7, 2005, in the District of Puerto Rico, and within the jurisdiction of this Court,

### JOSE L. CARABALLO FIGUEROA,

the defendant herein, while being President of the Syndicate of United Workers of the South, known as the "Sindicato de Obreros Unidos del Sur de Puerto Rico" ("SOUS"), a labor organization engaged in an industry affecting commerce, embezzled union funds in the amount of approximately forty nine thousand five hundred dollars ($49,500.00) from a labor organization, and unlawfully and willfully converted and abstracted for his own use and the use of another, any of the moneys, funds, securities, property, and other assets of SOUS, a labor organization, as defined in Title 29, United States Code, § 402. All in violation of Title 29, United States Code, § 501(c) and Title 18, United States Code, § 2.

4

## FORFEITURE ALLEGATIONS
## (Title 18, USC, § § 981(a)(1)(C) and 982 and 28, USC, § 2461(c))

The allegations of Counts One through Two are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 18, United States Code, §§ 981(a)(1)(C), 982 and Title 28, United States Code, § 2461(c).

As a result of the offenses alleged in this Indictment, that is, Title 29, United States Code, § 501(c).

**JOSE L. CARABALLO FIGUEROA,**

the defendant herein, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

**A.   MONEY JUDGMENT**

A sum of money in United States currency in the amount of at least four hundred fifty thousand dollars ($450,000.00) representing the amount of proceeds rendered as a result of the offenses charged in Counts One and Two for which the defendant is liable.

**B.   SUBSTITUTE ASSETS**

In the event any of the above-mentioned assets, as a result of any act or omission of the defendant:

1. cannot be located upon exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of this court;

4. has been substantially diminished in value; or

5

5.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, <u>United States Code</u>, § 982(b) and Title 21, <u>United States Code</u>, § 853(p) to seek forfeiture of any other property of the defendant, up to an amount equivalent to the value of the property forfeitable.

**TRUE BILL,**

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

FOREPERSON
Date: August 6, 2008

*[signature]*
**José A. Ruiz Santiago**
Chief, Criminal Division

*[signature]*
**Desirée Laborde-Sanfiorenzo**
Deputy Chief, White Collar Division

*[signature]*
**Jenifer Y. Hernández Vega**
Assistant U.S. Attorney

6